**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1820**

ERIC J. BONETTI,

Plaintiff - Appellant,

v.

CITY OF ALEXANDRIA, VIRGINIA; ROBERT HILLER MALM; EPISCOPAL
DIOCESE OF VIRGINIA; COMMONWEALTH OF VIRGINIA; EPISCOPAL
DIOCESE OF MASSACHUSETTS; ST. GABRIEL'S EPISCOPAL CHURCH,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Claude M. Hilton, Senior District Judge. (1:21-cv-00190-CMH-JFA)

Submitted: October 6, 2021                    Decided: October 20, 2021

Before GREGORY, Chief Judge, WILKINSON, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric J. Bonetti, Appellant Pro Se. George Arthur McAndrews, OFFICE OF THE CITY
ATTORNEY, Alexandria, Virginia; Wayne F. Cyron, CYRON & MILLER, LLP,
Alexandria, Virginia; Diane Elizabeth DiBlasio, Matthew James Youssef, NILES,
BARTON & WILMER, LLP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric J. Bonetti sued the City of Alexandria, Virginia; Robert Malm; the Episcopal Diocese of Virginia; the Commonwealth of Virginia; the Episcopal Diocese of Massachusetts; and St. Gabriel's Episcopal Church (collectively Defendants), alleging in an amended complaint that Defendants violated his civil rights in violation of 42 U.S.C. §§ 1983, 1985(3), and engaged in acts of civil conspiracy in violation of Virginia law. The district court dismissed Bonetti's claims and denied Bonetti's Fed. R. Civ. P. 59(e) motion for reconsideration. On appeal, Bonetti asserts that the city engaged in a pattern and practice of violating his civil rights and that Defendants conspired to deprive him of his civil rights.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

We have thoroughly reviewed the record and conclude that the district court did not err in dismissing Bonetti's claims and denying reconsideration. Accordingly, we deny

Bonetti's motion for injunctive relief and stay pending appeal and affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*